LAW OFFICE OF

**MICHAEL K. BACHRACH**

224 WEST 30TH STREET, SUITE 302
NEW YORK, N.Y. 10001
---------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                              http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.                                                    michael@mbachlaw.com

February 1, 2024

**By ECF**

The Hon. Gary R. Brown
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> *Re: United States v. Jonathan Hernandez,*
> *16 Cr. 403 (S-7) (GRB)*

Dear Judge Brown:

    As discussed during Mr. Hernandez's sentencing hearing yesterday afternoon, we write to propose language for Mr. Hernandez's Judgment to help ensure that the Bureau of Prisons ("BOP") calculates Mr. Hernandez's remaining term of imprisonment in the manner that Your Honor intended.

    Your Honor sentenced Mr. Hernandez to a term of 520 months' imprisonment to be counted from the date of his arrest; the intent being to ensure that the BOP includes in its calculations the fully discharged time that Mr. Hernandez served in relation to his prior conviction under the Second Superseding Indictment in this case. To that end, we propose the following language:

> Defendant sentenced to a term of 520 months' imprisonment. Credit for time-served on Defendant's sentence should be commenced from October 21, 2015. See Setser v. United States, 566 U.S. 231, 236 (2012).

    We note that October 21, 2015, is that date that Mr. Hernandez was arrested on the related New York State assault charges. See Pre-Sentence Report ("PSR"), dated, October 17, 2022, at ¶ 105; see also Gov't Sent. Memo. at 3, 7-8 & n.5. Thereafter, on November 21, 2016, while still detained – and prior to sentencing – in relation to the State charges, Mr. Hernandez was then re-arrested by Federal authorities and transferred from State to Federal custody for prosecution on what was then the Second Superseding Indictment in this case. See PSR at ¶ 106; see also Gov't Sent. Memo. at 8 n.5 (explaining that State arrest referenced in PSR ¶ 105, "is the same conduct underlying" Counts 27 and 28 of the Second Superseding Indictment).

We believe that to fully credit Mr. Hernandez for his time-served from his first arrest in this case, it is the October 21, 2015, arrest date that should be relied upon. If Your Honor believes, however, that the November 21, 2016, arrest date should be relied upon instead,[1] then the Judgment should be written as follows:

> Defendant sentenced to a term of 520 months' imprisonment. Credit for time-served on Defendant's sentence should be commenced from November 21, 2016. See Setser v. United States, 566 U.S. 231, 236 (2012).

Regardless which of the two arrest dates Your Honor relies upon, the citation to Setser has been shown to be useful in helping the BOP understand why an earlier arrest date is chosen than the one related to the present charges. See Setser 566 U.S. at 236 ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."), citing, Oregon v. Ice, 555 U.S. 160, 168-69 (2009).

As always, Your Honor's time and consideration are greatly appreciated.

Respectfully submitted,

Michael K. Bachrach
Thomas Ambrosio
*Attorneys for Defendant Jonathan Hernandez*

cc:   All counsel of record (by ECF)

---

[1] We are providing Your Honor with both arrest dates because we are unable to ascertain from the present record which of these two dates was previously relied upon by the BOP when calculating Mr. Hernandez's prior 51-month sentence on the Second Superseding Indictment. We believe it should have been October 21, 2015, but from the present record we cannot tell which one was used.